## No. 18,811.

### FAYE M. KERSHNER *v.* TOWN OF WALDEN, ET AL.
(355 P. [2d] 77)

Decided September 6, 1960.

Mr. WALDO RIFFENBURGH, for plaintiff in error.

Mr. JOHN A. PRICE, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order they appeared in the trial court. We refer to them as plaintiff and defendants or the Town.

Plaintiff sought to recover from the Town damages caused by sewage backing up in the Town sewer and flooding the basement in her home. She charges the Town with negligence in the construction and maintenance of a sanitary sewer adjacent to her home and to which her home was connected. Plaintiff also sought a permanent injunction restraining the Town from maintaining the sewer in such manner as to cause flooding of her basement.

The defendants answered denying negligence in the design, construction or maintenance of the sewer and alleged that plaintiff's damages, if any, were caused by her own negligence in the manner in which she connected her premises with the Town sewer system.

Trial was to the court without a jury. The trial judge made detailed findings in favor of the Town and entered judgment dismissing plaintiff's complaint.

Plaintiff is here by writ of error seeking reversal and urges six points as grounds therefor:

1. The judgment is based on an erroneous application of the law to the facts and mistake as to the facts themselves;

2. The evidence is undisputed that plaintiff was damaged by reason of the Town sewage backing up into plaintiff's basement;

3. The court erred in finding that the Town was without knowledge of the defective condition of the sewer;

4. Failure to find the issues in favor of the plaintiff;

5. Finding that notice to the Superintendent of Water and Sewers of the defective condition of the sewer and damages to plaintiff's property was insufficient notice to the Town;

6. The judgment is contrary to the law and evidence.

Turning first to point No. 5, namely, the finding that notice to the Superintendent of Water and Sewers was insufficient notice to the Town. We fail to observe any such finding in the record; in fact, the trial judge expressly found that on two different occasions prior to the flooding which is the basis of this action plaintiff had complained to the Water Superintendent of the sewer being clogged and he had remedied the situation, and further found:

" * * * the Plaintiff did not make any complaint as to any faulty condition of the sewer or as to any negligent operation or maintenance of the sewer or as to any nuisance maintained by the City in the operation of the sewer * * *."

This finding is well supported, as stated by the trial judge, by "the preponderance of the evidence."

As to the other points urged, they can all be considered together, in that they deal with the sufficiency of the evidence and the applicable law to sustain the judgment of the trial court.

The findings of the trial judge are not contrary to the testimony but strongly supported thereby. The record is devoid of any testimony that the design, engineering construction and plan of the sewer were not in conformity with good practices and workmanship. The evidence is to the contrary and is unchallenged. There is no testimony that the sewer was not at all times properly maintained.

The testimony is uncontradicted that immediately preceding the flooding there had been three days of uninterrupted and unprecedented rain in Walden; that the sewer was flowing at full capacity; that it had a carrying capacity of about double the peak load of sewage, and that its capacity was exceeded due to the infiltration of surface water. Uncontradicted expert testimony showed that infiltration of surface water, after prolonged rains, does occur in properly constructed and properly maintained sewers.

■ The trial court found that the flooding for which plaintiff seeks damages:

" * * * was due to the unusual amount of precipitation and not to any faulty construction or negligent operation of the sewer line."

This finding is supported by all of the testimony.

The fact that the sewer did overflow is not in itself proof of faulty construction or negligent operation. The reason for the overflowing was explained by the finding, and further explanation is to be found in the uncontradicted testimony to the effect that the line from plaintiff's home to the Town sewer, installed by a non-plumber, was defective in that it did not have a proper grade.

Counsel for plaintiff refers to *Denver v. Mason,* 88 Colo. 294, 295 Pac. 788, and claims that the judgment in this case is contrary to the law as pronounced in the *Mason* case. We do not agree with this contention. In the *Mason* case there was no question of Denver's negligence in connecting a storm sewer with a wholly inadequate sanitary sewer. Among other things the court said:

"The sole question presented by this record is: Is the city liable for damages resulting from *its failure to exercise reasonable care to remedy a known defective* sewer system?" (Emphasis supplied.)

■ In the case at bar there is no proof that Walden's sewer system was defective or inadequate to meet all reasonably anticipated loads. The testimony is all to the effect, as found by the trial court:

"The Court finds that the sewer line was and is of a type of construction and of a size required in the Town of Walden, both then and now, and that it was and is adequate in size and of proper grade to serve the needs of that community.

\* \* \*

"The Court further finds that there has not been any evidence to show that the City was negligent in the planning or construction of the sewer line and there has

not been any showing of negligence on the part of the City in the maintenance or operation of the sewer line."

No cases are cited where a city, in installing a sewer system, has been held to insure that persons connected therewith shall not suffer damages therefrom. The usual rules of negligence apply, and without proof of negligence in the construction, maintenance or operation of the sewer the city may not be held answerable in damages.

The request for injunctive relief was properly denied. For the court to order the Town to correct the conditions which caused the flooding of plaintiff's basement would be futile. The uncontradicted expert testimony of an engineer called as a witness by the city outlines a method whereby plaintiff can obtain relief from flooding of her basement, the floor of which is lower than the Town sewer, by installation of a sump, pump and check valve to prevent backing up.

The judgment is affirmed.

Mr. Justice Day and Mr. Justice Frantz concur.